USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/27/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

IN RE: GEORGIA EVADNE FERGUSON.

17 Civ. 2051 (PAE)

OPINION & ORDER

------------------------------------------------------------------ :

GEORGIA EVADNE FERGUSON,

                Debtor-Appellant,

-v-

JEFFREY L. SAPIR,

                Trustee-Appellee.

------------------------------------------------------------------ X

PAUL A. ENGELMAYER, District Judge:

This decision resolves debtor-appellant Georgia Evadne Ferguson's ("Ferguson") *pro se* appeal from an order by the United States Bankruptcy Court for the Southern District of New York, Judge James L. Garrity, Jr., dismissing Ferguson's Chapter 13 Case ("the Order"). For the reasons that follow, the Court affirms that dismissal.

I.  **Background**

    A.  **Proceedings before the Bankruptcy Court**

On June 17, 2016, Ferguson filed a *pro se* Chapter 13 petition. She sought to cure the arrears that she owed to Wells Fargo Bank, N.A., d/b/a America's Servicing Company,[1] and thereby save her home, located at 1183 Grenada Pl., Bronx, NY 10466. *See* Bkr. Dkt. 1.

---

[1] As relevant here, Wells Fargo functioned as the Servicer for U.S. Bank National Association, in its capacity as Trustee for Credit Suisse Boston Mortgage Securities Corp.'s CSAB Mortgage-Backed Pass-Through Certificate Series 2006-3 ("Secured Creditor").

1

On July 5, 2016, Ferguson filed her original Chapter 13 plan. *See* Bkr. Dkt. 10 ("Original Chapter 13 Plan"). Pursuant to the Original Chapter 13 Plan, Ferguson proposed to pay $90,069.48 in arrears in 60 monthly installments of $1,501.15. Original Chapter 13 Plan at 1, 3. However, the plan listed the $1,501.15 payments as due to be made during the five-month period September 1, 2016 through February 1, 2017, which would have entailed far fewer than 60 monthly installments. *Id.*

On July 25, 2016, Ferguson failed to appear for her first § 341(a) meeting of creditors with the Chapter 13 Trustee.[2] *See* Bkr. Dkts. 3 (indicating meeting was set for 7/25/2016) & 12 (indicating meeting was missed). The meeting was continued until September 1, 2016. *See* Bkr. Dkt. 12.

On August 18, 2016, the Chapter 13 Trustee, Jeffrey L. Sapir ("the Trustee"), filed a motion to dismiss Ferguson's case. He attached a proposed order that faulted her for (1) "failing to appear at the scheduled §341(a) meeting of creditors," (2) "failing to provide all documentation as required by the Chapter 13 trustee," and (3) "fail[ing] to remit timely payments to the Chapter 13 trustee." Bkr. Dkt. 14 at 3. A hearing on the motion was set before the Bankruptcy Court on October 6, 2016. *Id.* at 1.

On September 1, 2016, Ferguson did not appear at the rescheduled § 341(a) meeting. *See* Bkr. Dkts. 12 (indicating meeting was set for 9/1/2016), 16 (indicating meeting was missed). The meeting was continued until November 3, 2017. *Id.* That same day, September 1, 2016, the Secured Creditor, *see* note 1, *supra*, filed a proof of claim. *See* Bkr. Dkt. 17; Claim 1-1.[3] It

---

[2] A § 341(a) meeting is between the debtor, the Trustee, and creditors at which the Trustee and creditors can ask the debtor questions about her proposed Chapter 13 Plan and her ability to make payments under the Plan, as well as other questions about finances and assets.

[3] Wells Fargo also filed a proof of claim regarding arrears owed on Ferguson's car. *See* Claim 2-1. That claim, however, is not the subject of this appeal.

included a copy of the initial mortgage on Ferguson's home, *see* Claim 1-1 at 25–46, and an itemized statement of interest, payments, late fees, inspection fees, and other costs, *see id.* at 4–15. It also listed the value of the pre-petition arrears as $156,849.23 (not $90,069.48, as Ferguson had claimed). Bkr. Dkt. 17; Claim 1-1 at 2.

On September 20, 2016, Ehret A. VanHorn, Esq. ("VanHorn"), an attorney for the Secured Creditor, filed an objection to Ferguson's Original Chapter 13 Plan on the ground that it did not cover all $156,849.23 in arrears. Bkr. Dkt. 17 at 1.

On September 23, 2016, Ferguson filed a motion to strike the Trustee's August 18 proposed order. Bkr. Dkt. 18. Among other things, she stated that she had repeatedly requested an adjournment of the September 1, 2016 conference but had received no response. *Id.* at 3–4.

On October 6, 2017, the Bankruptcy Court held the hearing on the Trustee's motion to dismiss. Bkr. Dkts. 20–21. The Court adjourned resolution of the motion to dismiss, and instead ordered Ferguson to: (1) "[f]ile a plan or an amended plan (if necessary) on the form approved by the Court," (2) "[s]erve the plan or amended plan on all creditors," and (3) "[f]ile all missing schedules on or before November 17, 2016." *Id.* The Court set the next hearing date for December 1, 2016.

On November 16, 2017, Ferguson filed her amended Chapter 13 plan. *See* Bkr. Dkt. 23 ("Amended Plan"). Pursuant to the Amended Plan, Ferguson again proposed to pay $90,069.48 in arrears through 60 monthly installments of $1,501.15. Amended Plan at 1. However, the Plan stated that the monthly $1,501.15 payments would be made during the five-month period between July 17, 2016 and December 17, 2016, again far fewer than 60 months. *Id.*

On December 1, 2017, the Bankruptcy Court held another conference. *See* Bkr. Dkt. 32. Following the hearing, an order was issued directing Ferguson to: (1) address "The Proof Of

3

Claim Of Possession," (2) "File And Serve An Amended Plan," (3) "Become Current With Plan Payments" and (4) "File a written status report with the Court addressing the status of all open issues in this case and provide chambers copy on or before February 16, 2017." *Id.* The Bankruptcy Court again adjourned the motion to dismiss. *Id.* It set the next hearing date for March 2, 2017. *Id.*

On December 8, 2016, VanHorn, the Secured Creditor's counsel, filed an affidavit objecting to the Amended Plan on substantially the same grounds as before. *See* Bkr. Dkt. 31 at 1; *see also id.* at 2 (objecting to fact that "the Debtor's proposed plan states that Debtor shall pay post-petition payments directly to Secured Creditor but lists the Chapter 13 Trustee's payment address" making it "unclear whether the Debtor plans to pay post-petition payments directly or through the plan payments").

On February 17, 2017, Jody L. Kava, Esq. ("Kava"), an attorney for the Trustee, filed the Trustee's Status Report. It stated that: (1) "The debtor's amended plan calls for payments of $1,501.15 for 60 months and she has remitted six of the eight required payments to date and is two payments, or the sum of $3001.10, in arrears";[4] (2) "After deduction for the trustee's commission, there will be a balance of $81,062.00 to pay creditors"; (3) "The secured creditor, Wells Fargo, filed an objection to the plan claiming arrears of $156,849.23"; and (4) "Unless or until the debtor is able to resolve the creditor's objection, the debtor's chapter 13 plan is not feasible." *See* Bkr. Dkt. 34.

On February 27, 2017, Ferguson filed a status report indicating she had completed the $1,501.15 monthly payments contemplated in her Amended Plan for the period between July

---

[4] The Court notes, for the record, that the Trustee's math appears ever so slightly off. Two payments of $1,501.15 is equal to $3002.30, not $3001.1.

4

2016 to February 2017 and was presently current on her payments. Bkr. Dkt. 36 at 4. She also objected to actions taken in a state court foreclosure action on her home.[5] *See id.* at 4–7.

On March 2, 2017, the Bankruptcy Court held another hearing. During it, Trustee attorney Kava highlighted several flaws in Ferguson's Amended Plan—specifically, that the dates in the Plan were wrong and that the Plan only provided for approximately $81,000 in payments to creditors, whereas the arrears owed exceeded $156,000. 3/2/2017 Tr. at 2. Kava also stated that, while Ferguson was current on her payments, she had "negative disposable income on Schedule J." *Id.* Dennis Jose, a representative for the Secured Creditor, agreed that the plan was not confirmable given Ferguson's negative income. *Id.* at 3. Ferguson's sister, Marilyn Mathis, spoke on her behalf and stated that she, Mathis, had been the one making the payments on the debt,[6] and that once other members of Ferguson's family were evicted, the lower floor could be rented out for $3,000 per month. *Id.* at 5.

Ultimately, following a brief argument, the Bankruptcy Court dismissed Ferguson's case for failure to submit a confirmable plan. *Id.* at 7. That same day, Ferguson filed a notice of appeal. Bkr. Dkt. 38.

On March 28, 2017, the Bankruptcy Court entered an order formally dismissing the case. Bkr. Dkts. 39–40 ("the Order"). That order provided that Ferguson's case should be dismissed because (1) she "caused unreasonable delay that is prejudicial to creditors" in violation of 11 U.S.C. §1307(c)(1) and (2) her Amended Plan was infeasible.

---

[5] Ferguson continues to object to the actions taken in the state foreclosure case. Because the Bankruptcy Court did not rely on the foreclosure action in its ruling, the Court does not address it here.

[6] Notably, Mathis did not make assurances that she would continue to pay down the debt for the duration of the Chapter 13 Plan.

5

### B. Proceedings on Appeal

On March 21, 2017, Ferguson's notice of appeal was docketed in the District Court for this District. Dkt. 1. On April 26, 2017, Ferguson filed an amended notice of appeal. Dkt. 2. That same day, she filed her designation of the bankruptcy record on appeal and a lengthy "Statement of Issues." Dkt. 3. On May 17, 2017, a notice was filed stating that the record of appeal was available and that Ferguson's appellate brief was due June 16, 2017. *See* Dkt. 4.

Ferguson did not respond or submit an opening brief. On January 9, 2018, rather than dismissing the case, this Court *sua sponte* set a new briefing schedule, which treated Ferguson's statement of issues as her opening brief. Dkt. 5.

On January 17, 2018, appellee Sapir, the Trustee, filed his brief. Dkt. 6 ("Trustee Opp. Br."). On February 12, 2018, Ferguson filed a letter response.[7] Dkt. 7.

## II. Standard of Review

This Court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy courts pursuant to 28 U.S.C. § 158(a). In exercising appellate review, the Court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree." Fed. R. Bankr. P. 8013. Legal conclusions are reviewed de novo. *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 483 (2d Cir. 2012). Findings of fact are reviewed for clear error. Fed. R. Bankr. P. 8013; *In re MSR Resort Golf Course LLC*, No. 13 CIV. 2448 KPF, 2014 WL 67364, at *5 (S.D.N.Y. Jan. 7,

---

[7] Ferguson claims that she called an office of this Court and was told there was no Case No. 17 Civ. 2051, implying that is why she did not file an opening brief. *See* Dkt. 7 at 2. (She also places blame on employees of the Bankruptcy Court. *See id.*) The Court has confidence that the employees of this Court and the Bankruptcy Court did not thus mislead Ferguson. Regardless, the Court's order of January 9, 2018 clearly reached Ferguson, who thereafter timely filed a letter in reply, and that submission gave Ferguson sufficient opportunity to raise her arguments.

Ferguson also claims, in her February 12, 2018 reply letter, that appellee Sapir failed to file his appellee brief by the time it was due and that she was not required to respond to it. *See id.* That is untrue. *See generally* Trustee Opp. Br.

6

2014). "In regards to mixed questions of law and fact, the Court must review findings of fact under the clearly erroneous standard and the conclusions of law de novo." *In re MSR Resort Golf Course LLC*, 2014 WL 67364, at *5; *cf. In re Froman*, 566 B.R. 641, 647 (S.D.N.Y. 2017) ("Mixed questions of fact and law are subject to de novo review.").

"While the bankruptcy court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden." *In re Lehman Bros. Holdings, Inc.*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (internal quotations omitted). "A finding is 'clearly erroneous' when the reviewing court is 'left with the definite and firm conviction that a mistake has been made.'" *In re Ames Dep't Stores, Inc.*, 582 F.3d 422, 426 (2d Cir. 2009) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Ferguson is also, as noted, proceeding *pro se*. *Pro se* submissions must be interpreted to raise "the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *accord In re Residential Capital, LLC*, No. 13 CIV. 8317 PAE, 2014 WL 1760312, at *5 n.4 (S.D.N.Y. May 1, 2014).

## III. Discussion

Pursuant to § 1307 of the Bankruptcy Code, a Bankruptcy Court is empowered to dismiss a Chapter 13 case for "unreasonable delay by the debtor that is prejudicial to creditors," 11 U.S.C. § 1307(c)(1), and also for failure to submit a confirmable plan, *see id.* § 1307(c)(5); *In re Jensen*, 425 B.R. 105, 109 (Bankr. S.D.N.Y. 2010). "Debtors have the burden to prove that their plans are feasible." *In re Jensen*, 425 B.R. at 110. Here, the Bankruptcy Court, in its ruling from the bench, appeared to rely primarily on the fact that Ferguson's Plan was not confirmable and not on any unreasonable delays on her part. In its ensuing written order dismissing the case, however, the Bankruptcy Court relied on both grounds but only cited § 1307(c)(1).

7

The Trustee, in arguing that the Bankruptcy Court's order of dismissal should be affirmed, appears to rely exclusively on the fact that the plan is not confirmable. The Trustee does not fault Ferguson for unreasonable delay (and, in fact, commends Ferguson for taking "quite an active role in pursuing this case," *see* Trustee Opp. Br. at 3). Regardless, this Court may affirm "on any grounds supported by the underlying record," *In re Sturman*, No. 10 CIV. 6725 RJS, 2011 WL 4472412, at *4 (S.D.N.Y. Sept. 27, 2011) (quotation omitted).

Ferguson's Amended Plan appears to be an attempt, pursuant to 11 U.S.C. § 1322(b)(5), to cure the arrears on her home.[8] As such, Ferguson was obliged to fully pay her arrears: "In order for [a] Chapter 13 debtor to 'cure' prepetition default as part of cure-and-maintenance plan, [the] debtor must pay amount of prepetition arrears in full." 5A Bankruptcy Service Lawyers Edition § 49:169 (2018) (citing *In re Euliano*, 442 B.R. 177 (Bankr. D. Mass. 2010)). The proof of claim filed by servicer Wells Fargo demonstrated that Ferguson owed arrears of $156,849.23. Ferguson's Amended Plan, however, provided for only $81,062 to pay creditors (after deduction for the Trustee's commission). Although Ferguson was given an opportunity to amend her initial Chapter 13 plan, which contained this same defect, the Amended Plan still fell far short of covering the arrears she owed.

Ferguson does not challenge the fact that her plan does not cover the $156,849.23 in arrears. Instead, she disputes the fact that she owes that much money. But, unlike the Trustee,

---

[8] Pursuant to a different sub-provision of the Bankruptcy Code, 11 U.S.C. § 1325(a)(5), a debtor may "cram down" her mortgage—*i.e.*, force acceptance of a Chapter 13 plan, over the objections of the lender, where the plan provides the creditor with a stream of payments whose present value is equal to the amount of the creditor's allowed secured claim. Ferguson, however, does not appear to be attempting to "cram down" her mortgage. She does not include, in her Original Chapter 13 Plan or Amended Plan, a present valuation of her home or indicate, in any way, that the $90,069.48 she proposes to pay is the present value of the Secured Creditors' claim. Nor does she recite this sub-provision. Ferguson instead lists the $90,069.48 as the value of the arrears she believes she owes, suggesting that she intends to pay arrears, and arrears alone.

8

she has not come forward, in this Court or before the Bankruptcy Court, with any credible evidence to support this claim. Her legal papers instead level numerous, nonspecific charges of fraud at both the creditors and the Trustee. The Court need not address these allegations, which amount to nothing more than *ad hominem* attacks.[9]

Ferguson also appears to argue that Wells Fargo, the mortgage servicer, lacked standing to challenge her Chapter 13 plan; she also disputes the validity of the proof of claim. These challenges, however, fail. "A servicer of a mortgage . . . has standing to file a proof of claim against a debtor pursuant to its duties as a servicer." *In re Minbatiwalla*, 424 B.R. 104, 109 (Bankr. S.D.N.Y. 2010). Further, "a proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). A review of the Proof of Claim 1-1 demonstrates its compliance with the bankruptcy rules. It includes, by virtue of its attachment of Official Form 410 and Appendix A to Official Form 410, an "itemized statement of the interest, fees, expenses, or charges" and "a statement of the amount necessary to cure any default as of the date of the petition." *Id.* § 3001(c)(2)(A), (B). It also attaches (1) a copy of the mortgage note, signed by Ferguson, (2) a copy of the mortgage, also signed by Ferguson, (3) a copy of the assignment from Credit Suisse to U.S. Bank, and (4) a letter from the American Services Corporation (a.k.a. Wells Fargo) servicing the mortgage. The proof of claim does not include a copy of the American Services Corporation/Wells Fargo services agreement, but VanHorn's sworn affidavits indicate that American Services Corporation/Wells Fargo was the servicer of the mortgage, *see* Dkts. 17, 31, and Ferguson has not made credible allegations to the contrary, *cf. In*

---

[9] In addition to repeatedly labeling Wells Fargo a "BANKING FRAUDSTER," she accuses the attorneys working for the Trustee as being willing to "swear that their mother is from the Plant [sic] Krypton and their father is Zeus himself." Dkt. 5. at 8–10, 16.

9

re *Conde-Dedonato*, 391 B.R. 247, 250 (Bankr. E.D.N.Y. 2008) (finding standing where "the Claimant has provided an affidavit attesting that it is the servicer of the note and mortgage, has provided the original note and mortgage" and the debtor did not dispute that the company at issue was the servicer). Further, the Secured Creditor filed a copy of the judgment of foreclosure and sale entered in the Supreme Court of Bronx County as further evidence of its proof of claim. Dkt. 35. It is thus apparent from the record that the Secured Creditor had standing in the underlying bankruptcy case, that Ferguson owed $156,849.23 to the Secured Creditor, and that her Amended Plan failed to provide for the repayment of that debt.

The Court, accordingly, affirms the Bankruptcy Court's dismissal of Ferguson's Chapter 13 case for failure to submit a confirmable plan. In light of this ruling, the Court need not address the alternative ground for dismissal recited above, *i.e.*, that Ferguson's delays were unreasonable.

## CONCLUSION

For the foregoing reasons, the Order is affirmed in all respects. The Clerk of Court is directed to terminate any pending applications and to close this case. The Court certifies that any appeal from this order would not be taken in good faith, and *in forma pauperis* status is thus denied. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The appellees are directed to immediately serve a copy of this decision upon Ferguson by overnight mail.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: March 27, 2018
New York, New York